IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUGSTEES OF THE PLUMBERS ) <br> AND PIPEFITTERS NATIONAL ) <br> PENSION FUND, <u>et al.</u>, ) <br>   ) <br>     Plaintiffs, ) <br>   ) <br>     v. ) <br>   ) <br> PROFESSIONAL PLUMBING & ) <br> BACKFLOW, INC., ) <br>   ) <br>     Defendant. ) | Civil Action No. 1:07cv1140 |

<u>REPORT AND RECOMMENDATION</u>

This matter came before the Court on the Amended Motion of plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund, <u>et al.</u> ("plaintiffs") for Default Judgment against defendant Professional Plumbing & Backflow, Inc. ("defendant").

I. INTRODUCTION

**A. Background**

Plaintiffs[1] filed this action under Sections 502 and 515 of the Employee Retirement Income Security Program, as amended, 29 U.S.C. §§ 1132 and 1145 ("ERISA"), and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), which govern suits among parties to enforce provisions of their collective bargaining agreements. Plaintiffs seek damages pursuant to the

---

[1] Plaintiffs are the trustees of the following fringe benefit plans: the Plumbers and Pipefitters National Pension Fund ("National Pension Fund" or "NPF") and International Training Fund ("International Training Fund" or "ITF") (collectively, the "Funds").

Funds' Restated Agreements and Declarations of Trust (the "Trust Agreements"), which have established the Funds and which bind defendant, and pursuant to defendant's collective bargaining agreements with United Association Local Union Nos. 3 and 208, which incorporate defendant's obligations under the Trust Agreements.[2]  (See Compl. ¶¶ 1-3; Amended Affidavit of William T. Sweeney, Jr., Administrator of the Plumbers and Pipefitters National Pension Fund ("Sweeney NPF Amend. Aff.") ¶¶ 2-3; Amended Affidavit of William T. Sweeney, Jr., as authorized on behalf of the International Training Fund ("Sweeney ITF Amend. Aff.") ¶¶ 2-3.)

### B. Jurisdiction and Venue

Jurisdiction and venue over ERISA and LMRA cases such as this are conferred upon this Court by 29 U.S.C. §§ 1132 and 185, which provide that an action may be brought in any district court of the United States in which the relevant benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found.  29 U.S.C. § 1132(e)(2), 185(c).  In this case, jurisdiction and venue are proper because the Funds are administered in this District and the breaches of the Agreements allegedly occurred within this District.  (See Compl. ¶¶ 1-4.)

---

[2] The Trust Agreements and the collective bargaining agreement are hereinafter collectively referred to as "the Agreements."

### C. Service of Process

On November 29, 2007, a private process server personally delivered copies of the Summons, Complaint, and Supporting Documents in this case to Michael Miller, Registered Agent and President of defendant, at 1390 Logan Street, Denver, Colorado. (See Amend. Mot. for Default Judgment at 1-2; Return of Service (Dkt. No. 4).)  Therefore, service was proper under 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case.  Therefore, on January 29, 2008, the Honorable Claude M. Hilton scheduled this matter for an ex parte proof of damages hearing on February 22, 2008.  On February 5, 2008, the Clerk of this Court entered default pursuant to plaintiffs' Request for Entry of Default and Federal Rule of Civil Procedure 55.

At the February 22, 2008 hearing, held before Magistrate Judge John F. Anderson, defendant failed to appear, but plaintiffs represented to the Court that they had received partial payment on the amounts owed.  Plaintiffs therefore requested a continuance, which the Court granted, resetting the hearing for March 21, 2008.  Plaintiffs filed their Amended Motion for Default Judgment and amended supporting documents on

March 4, 2008. After defendant failed to appear at the March 21 hearing before Magistrate Judge Thomas Rawles Jones, Jr., the undersigned took this case under advisement.

## II. FINDINGS

Based on the Complaint; the Amended Affidavits of William T. Sweeney, Jr.; the Amended Declaration of John R. Harney, counsel for plaintiffs ("Harney Amend. Decl."); and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings.

The Agreements, which bound defendant at all times relevant to this case, required defendant to pay plaintiffs' Funds certain sums of money for each hour worked by covered employees, as well as liquidated damages and interest on any unpaid or delinquent contributions. (See Compl. ¶¶ 5-8, 12-13, 15, 21-22, 24; Amend. Mot. for Default Judgment at 2-3; Sweeney NPF Amend. Aff. ¶¶ 2-4, 7-8; Sweeney ITF Amend. Aff. ¶¶ 2-4, 7-8.) Defendant failed to make contributions to plaintiffs, in violation of the Agreements. (See Compl. ¶¶ 9-11, 18-20.) Therefore, plaintiffs seek to collect any unpaid contributions, as well as liquidated damages, interest, and attorneys' fees and costs. (See Compl. ¶¶ 10-16, 21-25; Sweeney NPF Amend. Aff. ¶ 11; Sweeney ITF Amend. Aff. ¶ 11.)

At the time this action was filed, defendant was delinquent in paying its required contributions to plaintiffs for the months of February 2007 through August 2007 on behalf of members in

4

Local No. 3's jurisdiction and for the months of February 2007 through June 2007 on behalf of members in Local No. 208's jurisdiction.  (Compl. ¶¶ 9, 15; Amend. Mot. for Default Judgment at 2-3; Sweeney NPF Amend. Aff. ¶ 5; Sweeney ITF Amend. Aff. ¶ 5.)  Since this action was filed, plaintiffs determined that defendant was not eligible to participate in the Funds pursuant to the Local No. 3 Agreement, so the Funds reapplied contributions previously received to defendant's delinquency in Local No. 3.  (Sweeney NPF Amend. Aff. ¶ 5; Sweeney ITF Amend. Aff. ¶ 5.)  No additional amounts are owed for August 2007 in Local No. 3.  (Id.)

Defendant remitted payment on February 14, 2008 to cover all remaining contributions owed for the months of June 2007 and July 2007 in Local No. 3 and for the months of February 2007 through June 2007 in Local 208.  (Id.)

Under the Trust Agreements, defendant must pay liquidated damages to the Funds on these delinquent contributions.[3]  In this case, the total amounts of these liquidated damages are $1,600.98 for the NPF contributions for the months of February 2007 through

---

[3] Pursuant to Article VI, Section 5 of the Trust Agreement establishing the NPF and the Delinquency Procedures adopted by the Trustees of the NPF as revised in March 2003, liquidated damages are assessed at the rate of ten percent (10%) of the total amount owed.  (See Sweeney NPF Amend. Aff. ¶ 10.)  Pursuant to Article VI, Section 6 of the Trust Agreement establishing the ITF, liquidated damages are assessed at the rate of twenty percent (20%) of the total amount due or twenty dollars ($20), whichever is greater. (Sweeney ITF Amend. Aff. ¶ 10.)

July 2007 in Local No. 3 and for the months of February 2007 through June 2007 in Local No. 208, and $120.00 for the ITF contributions for the months of February 2007 through July 2007 in Local No. 3 and for the months of February 2007 through June 2007 in Local No. 208.  (Sweeney NPF Amend. Aff. ¶ 11; Sweeney ITF Amend. Aff. ¶ 11.)

Additionally, defendant is obligated under the Trust Agreements to pay interest at the rate of twelve percent (12%) per annum from the date each delinquent contribution was due through the date of payment.  (Sweeney NPF Amend. Aff. ¶ 11; Sweeney ITF Amend. Aff. ¶ 12.)  The total amount of this interest, calculated through the date of payment, February 14, 2008, is $1,452.91 on the NPF contributions, and $19.35 on the ITF contributions.  (Sweeney NPF Amend. Aff. ¶ 10; Sweeney ITF Amend. Aff. ¶ 11.)

Thus, the total amounts due plaintiffs' NPF are: $1,600.98 in liquidated damages for the months of February 2007 through July 2007 in Local No. 3 and for the months of February 2007 through June 2007 in Local No. 208, and $1,452.91 in interest accrued through February 14, 2008, and continuing to accrue at the rate of 12% per annum through the date of payment.  (Amend. Mot. for Default Judgment at 2-3; Sweeney NPF Amend. Aff. ¶ 11.)  The total amounts due plaintiffs' ITF are: $120.00 in liquidated damages for the months of February 2007 through July 2007 in Local No. 3 and for the months of February 2007 through June 2007

in Local No. 208, and $19.35 in interest accrued through February 14, 2008, and continuing to accrue at the rate of 12% per annum through the date of payment.  (Amend. Mot. for Default Judgment at 2-3; Sweeney ITF Amend. Aff. ¶ 12.)

In addition, plaintiffs seek $1,730.00 in attorneys' fees and $656.29 in costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 1132(g).  (Amend. Mot. for Default Judgment at 3; Sweeney NPF Amend. Aff. ¶ 11; Sweeney ITF Amend. Aff. ¶ 12; Harney Amend. Decl. ¶ 7.)  The undersigned has examined the record and finds that this amount is reasonable compensation for work necessarily performed to enforce plaintiffs' rights.

Finally, plaintiffs seek injunctive relief pursuant to 29 U.S.C. §§ 1132(a)(3), (f), (g) and 1145, which authorize plaintiffs to recover such other legal or equitable relief as the Court deems appropriate.  (Compl. ¶ 26.)  In this case, defendant has repeatedly failed to make timely contributions to the Funds in violation of the terms of the Agreements.  (Compl. ¶¶ 28-29.)  Therefore, plaintiffs seek to enjoin defendant from further violations of the terms of the benefit plan and to require defendant to submit timely reports and contributions to the Funds.

To determine whether injunctive relief is appropriate in a given case, the Court must balance the following four factors: (1) the likelihood of success on the merits of the plaintiff's

claim (for a preliminary injunction), or the existence of actual success on the merits (for a permanent injunction); (2) the likelihood of irreparable injury to the plaintiff in the absence of an injunction; (3) the likelihood of harm to other interested persons if an injunction is issued; and (4) the public interest in granting versus not granting the injunction.  See Amoco Production Co. v. Village of Gambell, 480 U.S. 531, 546 n.12 (1987); Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc., 550 F.2d 189, 193, 196 (4th Cir. 1977).

Where, as here, defendant has defaulted and plaintiffs are entitled to a default judgment, plaintiffs have shown actual success on the merits.  Additionally, plaintiffs have established that defendant's continuing conduct is causing them irreparable injury that cannot be fully remedied by a damage award. Moreover, based on the facts established, the balancing of harm to the parties and to the public interest weighs in favor of granting the injunctive relief plaintiffs seek in this case. Therefore, the undersigned finds that plaintiffs are entitled to the injunctive relief they seek in this case.

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends that plaintiffs Trustees of the Plumbers and Pipefitters National Pension Fund should recover from defendant $1,600.98 in liquidated damages for the months of February 2007 through July 2007 in Local No. 3 and for the months of February 2007 through June 2007 in Local No.

208, and $1,452.91 in interest at the rate of 12% per annum accrued from the date due through the date of payment.

It is further recommended that plaintiffs Trustees of the International Training Fund should recover from defendant $120.00 in liquidated damages for the months of February 2007 through July 2007 in Local No. 3 and for the months of February 2007 through June 2007 in Local No. 208, and $19.35 in interest at the rate of 12% per annum accrued from the date due through the date of payment.

In addition, the undersigned recommends that plaintiffs should recover from defendant $1,730.00 in attorneys' fees and $656.29 in costs.  Finally, the undersigned Magistrate Judge recommends the Court enter an order enjoining defendant from further violations of the terms of the benefit plan and requiring defendant to submit timely reports and contributions to the Funds.

### IV. NOTICE

The parties are advised that exceptions to this Report and Recommendation, taken pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b), must be filed within ten (10) days of its service.  Failure to object to this Report and Recommendation waives the right to appellate review of a judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

    Michael Wayne Miller
    Registered Agent and President
    Professional Plumbing & Backflow, Inc.
    3233 West Hampden Avenue
    Englewood, CO 80110-3262

                                    _____/s/_____
                                    THERESA CARROLL BUCHANAN
                                    UNITED STATES MAGISTRATE JUDGE

May 7th, 2008
Alexandria, Virginia